**UNITED STATES  DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

**CLARENCE D. NOBLE**                                      **CIVIL ACTION**

**VERSUS**                                                           **NO.  11-1164**

**JEAN LLOVET (DIRECTOR)**                          **SECTION "I"(4)**

## REPORT AND RECOMMENDATION

This matter was referred to a United States Magistrate Judge to conduct a hearing, including an evidentiary hearing, if necessary, and to submit proposed findings and recommendations for disposition pursuant to **28 U.S.C. § 636(b)(1)(B) and (C), § 1915(e)(2), and § 1915A**, and as applicable, **42 U.S.C. § 1997e(c)(1) and (2)**.  On June 16, 2011, the Court conducted a hearing pursuant to *Spears v. McCotter*,[1] and its progeny, with the plaintiff and counsel for the defendant participating by conference telephone call.[2]  Upon review of the entire record, the Court has determined that this matter can be disposed of without an evidentiary hearing.

---

[1] 766 F.2d 179 (5th Cir. 1985).  The purpose of the *Spears* Hearing is to ascertain what it is the prisoner alleges to have occurred and the legal basis for the claims.  The information elicited at the hearing is in the nature of an amended complaint or a more definite statement under Fed. R. Civ. P. 12(e).  *Wilson v. Barientos*, 926 F.2d 480, 482 (5th Cir. 1991).

[2] Rec. Doc. No. 9.  The plaintiff was sworn prior to testifying.  The hearing was digitally recorded.

I.    **Factual Background**

    A.    **The Complaint**

The plaintiff, Clarence D. Noble ("Noble"), filed this *pro se* and *in forma pauperis* complaint pursuant to 42 U.S.C. § 1983 against the Jean Llovet, identified as the Medical Administrative Director for CorrectHealth at the Jefferson Parish Community Correctional Center ("JPCCC"). Noble alleges that, in spite of his repeated requests, Llovet failed to provide him with copies of his medical and mental health records from JPCCC spanning from September 8, 2006, to November 12, 2006.  He contends that her failure amounts to a violation of the Louisiana Public Records Act, La. Rev. Stat. Ann. § 44:1 *et seq*.  He suggests that these records were needed to assist him with his state post-conviction relief and supervisory review in the Louisiana Fifth Circuit Court of Appeal.

    B.    **The *Spears* Hearing**

Noble testified that he filed this suit, because he requested his medical records from Llovet that he wanted to use in filing an application for post-conviction relief.  He was told to make the request from the custodian and she is the director and custodian of records.  In the last response from her, she told him to send her the proper form.  She did not provide him with the form.  He sent in the form and he did not hear back.  He was unable to prove his arguments in the post-conviction proceedings, because he did not receive the documents he requested from Llovet.

He further stated that he was previously convicted of armed robbery and distribution of cocaine for which he is serving a 25 year sentence.  He filed a post-conviction application in the state District Court in Jefferson Parish, which was denied for lack of proof.  He also sought review in the Louisiana Fifth Circuit, which also was denied.  At the time of the hearing, he had a writ application pending in the Louisiana Supreme Court.  He had not heard from the Court at that time.

He explained that he wanted to use his medical records to prove that his guilty plea was invalid.  He indicated that, at the time of the plea, he was on medication called haloperidol.[3]  He entered a guilty plea on November 15, 2006 before Judge Steven Windhorst when he was in a medical health observation ward and taking this medication.  It is a medication that treats bipolar disorder, schizophrenia, paranoia, depression, all of which he has a diagnosis.  He told his attorney, Jessica Inez LaCambre, at the plea hearing that he was on medication.  His attorney asked the judge for a continuation for a mental competency assessment, and Judge Windhorst denied the motion.

Noble also testified that he tried to get the medical records before filing for post-conviction review.  He had until November of 2008 to get the post-conviction filed.  The state trial court also denied his request for an evidentiary hearing.

He stated that he did not file a grievance because he had already been transferred to a DOC facility.  He did file for mandamus relief in the state courts and requests for production of documents in the state courts, all of which were denied.

Noble conceded that Llovet did provide him with copies of West Jefferson Hospital records.  However, he wanted to obtain copies of his mental health records from the jail, and he did not receive these.  He advised the Court that he would be satisfied if he could just get a copy of the prison mental health records.

At the close of the hearing, the Court instructed counsel for the defendant to investigate what information was received by Llovet, whether she complied with the requests and when she did so, and if she did not, why she did not comply.  Also, whether the records sent to Noble were from the

---

[3]This is the generic name for Haldol which is used to treat psychotic disorders, such as schizophrenia, and the effects of Tourette's syndrome.  http://www.medicinenet.com/; http://www.webmd.com/.

jail or from the hospital, and if they were not from the jail, why she did not send the jail mental health records.  The Court also allowed Noble to send the Court the documents he has to establish what was sent to and received from Llovet.

### C.    Follow-up After the *Spears* Hearing

The Court received copies of Noble's requests to Llovet, along with a copy of the medical records provided to him on or about June 20, 2011.[4]  These records included the mental health records and medication charts Noble's requested.  In a letter to the Court filed July 29, 2011, Noble indicated that he has received copies of the medical records discussed at the *Spears* Hearing.

## II.   Defendant's Motion to Dismiss

The defendant, Jean Llovet, has filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) arguing that Noble has failed to state a cognizable claim for which relief can be granted under § 1983.[5]  Llovet argues that the alleged violation of the Louisiana Public Records Act does not rise to the level of a constitutional violation.  She further argues that the allegations are based in mistaken fact since Noble has been provided with two copies of his medical records, of which the receipt of one he acknowledges in his letter to the Court filed July 29, 2011.[6]  Based on this, Llovet alternatively requests that the motion be construed as a motion for summary judgment so that the letter can be considered in dismissing the plaintiff's complaint.

---

[4]The records contain sensitive material and are maintained *in camera* in the Court's work file.

[5]Rec. Doc. No. 13.

[6]*Id.*; Rec. Doc. No. 10.

III.    **Standards of Review**

A.      **Standards of a Frivolousness Review**

Title 28 U.S.C. §§ 1915A and Title 42 U.S.C. §§ 1997e(c) require the Court to *sua sponte* dismiss cases filed by prisoners proceeding *in forma pauperis* upon a determination that they are frivolous.  The Court has broad discretion in determining the frivolous nature of the complaint.  *See Cay v. Estelle*, 789 F.2d 318 (5th Cir. 1986), *modified on other grounds, Booker v. Koonce*, 2 F.3d 114 (5th Cir. 1993).  However, the Court may not *sua sponte* dismiss an action merely because of questionable legal theories or unlikely factual allegations in the complaint.

Under this statute, a claim is frivolous only when it lacks an arguable basis either in law or in fact.  *Neitzke v. Williams*, 490 U.S. 319 (1989); *Talib v. Gilley*, 138 F.3d 211, 213 (5th Cir. 1998).  A claim lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist.  *Harper v. Showers*, 174 F.3d 716, 718 (5th Cir. 1999).  It lacks an arguable factual basis only if the facts alleged are "clearly baseless," a category encompassing fanciful, fantastic, and delusional allegations.  *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992); *Neitzke*, 490 U.S. at 327-28.  Therefore, the Court must determine whether the plaintiff's claims are based on an indisputably meritless legal theory or clearly baseless factual allegations.  *Reeves v. Collins*, 27 F.3d 174, 176 (5th Cir. 1994); *see Jackson v. Vannoy*, 49 F.3d 175, 176-77 (5th Cir. 1995); *Moore v. Mabus*, 976 F.2d 268, 269 (5th Cir. 1992).

**B.**     **Standards of Review on Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6)**

In considering a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the court must accept as true all well-pleaded facts and must draw all reasonable inferences from those allegations in the plaintiff's favor.  *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996).  To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *In re Katrina Canal Breaches Litigation*, 495 F.3d 191, 205 (5th Cir. 2007) (recognizing a change in the standard of review).  "Factual  allegations must be enough to raise a right to relief above the speculative level on the ASSUMPTION THAT ALL THE allegations in the complaint are true (even if doubtful in fact)." (uppercase and parenthetical in original) *Id.*, 550 U.S. at 555-56 (quotation marks, citations, and footnote omitted).  Plausible grounds "simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence" to support the claim. *Id.*, 550 U.S. at 556.  "And, of course, a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and 'that a recovery is very remote and unlikely.'" *Id.* (quoting *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 515 (2002)).

In resolving the motion, the court is generally limited to considering only those allegations appearing on the face of the complaint.  However, matters of public record, orders, items appearing in the record of the case and exhibits attached to the complaint may be taken into account. *Chester County Intermediate Unit v. Pennsylvania Blue Shield,* 896 F.2d 808, 812 (3rd Cir. 1990).  "Documents that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to [the] claim." *Causey v. Sewell*

*Cadillac-Chevrolet, Inc.*, 394 F. 3d 285, 288 (5th Cir. 2004) (citing *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000)).  While conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent the granting of a Rule 12(b) motion to dismiss, such motions are viewed with disfavor and are rarely granted.  *Lowrey v. Texas A & M Univ. Sys.*, 117 F.3d 242, 246 (5th Cir. 1997).

Further, the United States Fifth Circuit Court of Appeals has held that, when reviewing pro se complaints, the court must employ less stringent standards, look beyond the inmate's formal complaint and consider material subsequently filed as amendments to that complaint.  *Howard v. King*, 707 F.2d 215 (5th Cir. 1983); *see also Haines v. Kerner*, 404 U.S. 519 (1972).  In the prisoner context, in *Taylor v. Gibson*, 529 F.2d 709 (5th Cir. 1976), the Court explained:

> It is the responsibility of the courts to be sensitive to possible abuses  [in the prison systems] in order to ensure that prisoner complaints, particularly pro se complaints, are not dismissed prematurely, however unlikely the set of facts postulated.  An opportunity should be provided the prisoner to develop his case at least to the point where any merit it contains is brought to light.

*Id.*, 529 F.2d at 713-14;  *see also Estelle v. Gamble*, 429 U.S. 97, 106 (1976).

## IV.   Analysis

During the *Spears* Hearing, Noble indicated to the Court that he would be satisfied in this action if he received copies of the JPCCC mental health records from Llovet.  This too was his sole request for relief in his Complaint.[7]  Noble has acknowledged to the Court that he has been provided with the medical records he desired.[8]  He has not requested any other relief from this Court.  His

---

[7]Rec. Doc. No. 1, pp. 6-7.

[8]Rec. Doc. No. 10.

statement to the Court that he would be satisfied by production of the needed medical records is construed as an affirmative request to end this litigation upon receipt of those records.

Having considered the plaintiff's representations in his complaint and at the *Spears* Hearing, the instant action has been rendered moot and the plaintiff's request for relief has been satisfied. This Court has the discretion to dismiss the case at plaintiff's urging under Fed. R. Civ. P. 41(a)(2) which allows the plaintiff "to withdraw his action from the court without prejudice to future litigation." *Balisteri v. Metropolitan Life Ins. Co.*, 272 Fed. Appx. 345, 346 (5th Cir. 2008) (quoting *Yoffe v. Keller Indus., Inc.*, 580 F.2d 126, 129 (5th Cir. 1978)).  The record discloses no prejudice to either party by the dismissal.[9]  *See Elabor v. Tripath Imaging, Inc.*, 279 F.3d 314, 317 (5th Cir. 2002).  Having reached these conclusions, the defendants' motion to dismiss is rendered moot and can be dismissed for that reason.

## V.   <u>Recommendation</u>

It is therefore **RECOMMENDED** that Noble's § 1983 complaint be **DISMISSED WITHOUT PREJUDICE** pursuant to Fed. R. Civ. P. 41(a)(2).

It is further **RECOMMENDED** that defendant's Motion to Dismiss (Rec. Doc. No. 13) be **DISMISSED WITHOUT PREJUDICE** as moot.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation **within fourteen (14) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district

---

[9]Noble's claims of denial of access to the Court's against Llovet were raised in his other pending case, Civ. Action No. 11-1759"A"(4).

court, provided that the party has been served with notice that such consequences will result from a failure to object.  *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996).[10]

New Orleans, Louisiana, this 10th day of November, 2011.

_____
**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**

---

[10]*Douglass* referenced the previously applicable ten-day period for the filing of objections.  Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.